IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEFFREY D. NOIEL                                                                    PLAINTIFF

            v.                    Civil No. 06-4031

JACK JONES, Arkansas Parole
Officer; MARTY NODURTH,
Assistant Parole Administrator; and
A.L. LOCKHART, Director, Arkansas
Department of Correction                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jeffrey D. Noiel filed this habeas corpus action pursuant to 28 U.S.C. § 2254 on April 20, 2006. He proceeds pro se and *in forma pauperis* (IFP). The case is before the undersigned for a determination of whether it should be served upon the defendants.

### I. Background

Noiel is currently incarcerated in the Texas Department of Correction. On December 4, 1981, in criminal case no. CR-81-346, Noiel pled guilty in the Miller County Circuit Court to the crime of aggravated robbery. Noiel was sentenced to a term of imprisonment of thirty years in the Arkansas Department of Correction (ADC), fifteen years of which was suspended during good behavior.

Noiel asserts three grounds which he contends entitle him to habeas relief: (1) he is "in custody" pursuant to a conspiracy that resulted in his being maliciously prosecuted under a parole detainer placed on him while he was being illegally held on May 19, 1988, by Texas authorities;

AO72A
(Rev. 8/82)

(2) the May 19, 1988, parole detainer is the functional equivalent of a police officer's warrantless arrest; and (3) the May 19, 1988, arrest and parole detainer were not based upon the same allegation upon which he was subsequently convicted in Texas on September 21, 1988.

According to the allegations of the petition, Noiel was paroled from the ADC on October 6, 1987. Noiel alleges that on May 19, 1988, while on parole, he was arrested by the Texarkana, Texas, police and charged with aggravated sexual assault. Noiel maintains there was an unnecessary delay in the police officer taking him before a Texas judicial officer because he was on parole in Arkansas.

Noiel alleges that on September 21, 1988, he was convicted of aggravated sexual assault in Bowie County, Texas, and sentenced to serve a term of twenty-five years in the Texas Department of Correction. By letter dated February 8, 1989, Noiel was advised by defendant Marty Nodurth, Assistant Parole Administrator, of the ADC, Parole Services, that the Arkansas Board of Pardons and Paroles had voted to allow Noiel's Arkansas sentence to run concurrent with his Texas sentence. Consequently, Noiel was told he would be placed on parole supervision if he was released from incarceration in Texas prior to his Arkansas parole discharge date of August of 1994.

Noiel indicates he filed a civil action, case number 93-4039, in this district against Jack Jones and Marty Nodurth. Noiel claimed that defendants had failed to provide him with a parole revocation hearing. He sought monetary damages and a declaratory judgment that denying him a parole revocation hearing violated his rights.

Civil action 93-4039 was filed under the provisions of 42 U.S.C. § 1983. Noiel alleged he was denied bond after arrest because defendant Jones had placed a parole detainer on him.

Because Noiel contested his parole status, the court ruled the action was in reality a habeas corpus claim. The case was stayed and administratively terminated in order to allow Noiel to pursue a federal habeas corpus proceeding.

Noiel then filed a habeas corpus action, civil no. 94-4092. Civil action 94-4092 was a habeas corpus action brought pursuant to the provisions of 28 U.S.C. § 2254. The case was filed on August 25, 1994. Noiel named Jack Jones, a parole officer, as the respondent. On September 12, 1994, Larry Norris, the director of the Arkansas Department of Correction, was substituted as a defendant and service was directed on him (Doc. 3 in case 94-4092). Norris filed a motion to dismiss and on November 28, 1998, a report and recommendation was entered recommending dismissal of the case because Noiel did not satisfy the in custody requirement of the habeas corpus statute since his Arkansas parole had expired, 28 U.S.C. § 2241(d) (Doc. 14 in case 94-4092).[1] Noiel filed objections and the Honorable Harry F. Barnes, the United States District Judge to whom the case was assigned, adopted the report and recommendation and dismissed the case (Doc. 17 & 18 in case 94-4092).

Noiel appealed the dismissal (Doc. 22 in case 94-4092). On May 9, 1995, the dismissal was affirmed by the Court of Appeals for the Eighth Circuit (Doc. 32 in case 94-4092). Noiel continued to file various documents in that case and on two more occasions appealed various actions.

Although not mentioned by Noiel, he also filed another civil action in this district which he asked the court to treat as a habeas corpus action under 28 U.S.C. § 2241, *Noiel v. Barnes,*

---

[1] Note was made of the fact that it was unclear whether Noiel's Arkansas parole had expired prior to the filing of case number 94-4092 on August 25, 1994. (Doc. 14 at page 2 in case no. 94-4092). However, as of the date of the report and recommendation, November 28, 1994, the undersigned noted that the "[p]etitioner's Arkansas parole has expired." *Id.*

-3-

*et a.,* Civil No. 04-4016. In that case, Noiel challenged the failure of officials in Arkansas to take any steps towards revoking his Arkansas parole despite his imprisonment in Texas. He also contended a conditional liberty interest was created when his Arkansas sentence was improperly shortened and then the altered sentence was run concurrently with the Texas sentence.

It was concluded that the court lacked jurisdiction over a habeas corpus petition challenging the failure of Arkansas state officials to take action to revoke Noiel's parole. (Report and Recommendation entered April 15, 2005 (Doc. 5 in case 04-4016) and adopted on May 10, 2004 (Doc. 11 in case 04-4016)). The Honorable Harry F. Barnes, United States District Judge, was held to be immune from suit in a civil rights action. *Id.* Finally, to the extent Noiel was challenging his Texas conviction or imprisonment pursuant to the judgment of Texas court, he was told he must file the action in the district in which he was confined or in which his custodian could be found. *Id.*

Noiel appealed the dismissal in case 04-4016. By order entered on October 4, 2004, he was denied a certificate of appealability and the appeal was dismissed. (Doc. 21 in case 04-4016).

On April 11, 2006, Noiel filed an action under 42 U.S.C. § 1983 that is virtually identical to this habeas corpus action, *Noiel v. Jones, et al.,* Civil No. 06-4025. He has named as defendants Jack Jones, Marty Nodurth, and A.L. Lockhart. He alleges the same facts and the same grounds for relief. By separate report and recommendation the undersigned is recommending dismissal of that action prior to service of process.

AO72A
(Rev. 8/82)

## II. Discussion

This case is subject to dismissal because this court lacks jurisdiction over Noiel's habeas corpus action. Section 2254 provides for jurisdiction when the petitioner is "in custody" pursuant to a judgment of a State court. The "in custody" concept does not extend to a "situation where a habeas petitioner suffers no present restraint from the challenged conviction" at the time of the filing of the habeas petition. *Maleng v. Cook*, 490 U.S. 488, 491-92, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).

Noiel does not allege he has been served with a warrant on an Arkansas parole violation. *See e.g., Moody v. Daggett*, 429 U.S. 78, 86-87, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976)(Parolee imprisoned for a crime committed while on parole is not entitled to a prompt parole revocation hearing upon the filing of a parole violator warrant with the institution of his confinement. "[L]oss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant."). In fact, Noiel has not alleged Arkansas has taken any steps towards revoking his parole, has altered its position that he has been discharged from parole, or that the Arkansas parole authorities have contacted him in anyway since the dismissal of case 94-4092. As such, his current custody is not affected in anyway by the Arkansas parole officials. *Benny v. United States Parole Com'n.*, 295 F.3d 977, 988-89 (9th Cir. 2002)("The Commission's impropriety lies in being late in determining whether to terminate Benny's parole supervision under the Parole Act's early termination provision. This procedural violation does not affect Benny's current custody.").

### III. Conclusion

I therefore recommend that this case be dismissed as Noiel is not "in custody" for purposes of the habeas corpus statute.

**Noiel has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Noiel is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of June 2006.

      /s/ Bobby E. Shepherd
    UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)